UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LAYNE L. WOODSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-253-TS |
| ) | |
| JAMES HERMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Layne L. Woodson, Sr., a *pro se* prisoner, submitted a Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

The Plaintiff alleges that he is being housed under unconstitutional conditions. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations, *Adams v. Pate*, 445 F.2d 105, 108–09 (7th Cir. 1971).

The Plaintiff contends that he is "housed in a two (2) man cell with three (3) people in it and me sleeping on the floor on a little mat." (Compl. at 3.) He alleges that he is below toilet level and that when other inmates use the toilet, he is splashed "all the time." (*Id.*)

> [S]everal courts in this circuit have found that the failure to provide an inmate with a bunk is not a constitutional deprivation. *See Clagg v. Fairman*, 1997 WL 136684, *2 (N.D.Ill. March 24, 1997) (citing *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir.1986); *Hines v. Sheahan*, 845 F. Supp. 1265, 1269 (N.D.Ill.1994)); *Antonelli v. Sheahan*, 863 F.Supp. 756, 760 (N.D.Ill.1994) (collecting cases), *reversed in part on other grounds*, 81 F.3d 1422, 1430 (7th Cir.1996). In fact, Magistrate Judge Cosbey of this Court in *Thomas v. Squadrito*, 98-CV-240, slip op. p. 12 (August 6, 1999) recently said as much: "the bunk the Plaintiff aspired to in the Allen County Jail is nothing more than a suspended steel platform, and this can hardly be characterized as any great improvement over a concrete floor."

2

*Roop v. Squadrito*, 70 F. Supp. 2d 868, 874 (N.D. Ind.1999). Though he alleges that sleeping on the floor is uncomfortable and unpleasant and that it makes his hips sore, and though it is inconvenient to move when others use the toilet (or to be splashed because he did not move), sleeping on a mat on the floor near the toilet does not deny the Plaintiff the minimal civilized measure of life's necessities and it does not violate his Constitutional rights.

> The Plaintiff also alleges that he has "no recreation opportunities." (Compl. at 3.)
>
> A lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point where an inmate's health is threatened. *Thomas v. Ramos*, 130 F.3d 754, 763 (7th Cir.1997) (inmate did not have a viable Eighth Amendment claim because he would have been able to engage in exercise in his cell such as push-ups, sit-ups, jogging in place, and stepups) (*quoting French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985). . . ; *see also Antonelli* [*v. Sheahan*], 81 F.3d [1422] at 1432 [7th Cir. 1996] (only extreme and prolonged situations where all movement is denied will amount to a constitutional violation); *Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir.1986) (confining all inmates to their cells twenty-four hours a day for a one-month period after a lockdown not a violation of the Eighth Amendment).

*Roop v. Squadrito*, 70 F. Supp. 2d 868, 875 (N.D. Ind. 1999).

The Plaintiff does not allege, and based on his Complaint it would not be reasonable to infer, that denial of "recreation" meant that he that he was confined in the cell for the vast majority of the day and denied access to a larger common-area day room or the opportunity to move or exercise at all. *See, e.g., Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) ("[The plaintiff] claims only to have been deprived of yard or recreation time, not all exercise. In modern prisons the denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue.").

The Plaintiff's claims of cruel and unusual punishment do not meet the first element of the test for such constitutional violations. That is, objectively, the injury from sleeping on a mat on the

3

floor and not being provided recreation is not sufficiently serious to deprive the Plaintiff of the minimal civilized measure of life's necessities.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED on August 11, 2005.

                                             s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT